IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GARRY DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 06-CV-87-MEF |
| | ) |
| HERMAN MCCLAIN, | ) |
| | ) |
| Defendant. | ) |

## SPECIAL REPORT

Comes now the Defendant, Herman McClain, in the above-styled cause by, and through undersigned counsel, and hereby files this Special Report as follows:

## DEFENSES

The Plaintiff fails to state a cause of action against him for which relief can be granted.

The Defendant is entitled to qualified good faith immunity from any and all claims against him in his individual capacity brought under 42 U.S.C. 1983.

The Defendant is entitled to absolute immunity for all claims against him in his official capacity.

The Defendant was at all times acting and using their discretionary authority.

The Plaintiff has not suffered a physical injury under the Prison Litigation reform Act and is barred from bringing suit.

## DEFENDANTS

Herman McClain, Correctional Officer I, Ventress Correctional Facility

**STATEMENT OF FACTS**

On January 22, 2006, the plaintiff was an inmate at the Ventress Correctional Facility and the Defendant was assigned to provide security in the dining hall at this correctional facility. Officer McClain directed inmate Garry Daniels to "sit in order at the dining room table." Inmate Garry Daniels became hostile; saying, "Is this far enough?" (Exhibit 1; Affidavit of Herman McClain) In the opinion of the officer, this action created a safety and security hazard. Officer McClain ordered inmate Daniel to leave the dining hall. (Exhibit 1) According to Officer McClain, the inmate "had every opportunity to eat his diabetic tray, but instead chose to create a safety and security hazard in the dining hall." (Exhibit 1)

Officer McClain specifically denies using "any excessive force or any verbal threats toward Inmate Garry Daniels." (Exhibit 1)

The Plaintiff's complaint does not specify how he suffered a physical injury. (see Complaint generally)

**ARGUMENTS**

Initially, the Defendants would note that "[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." Pell v. Procunier, 417 U.S. 817, 823, 94 S.Ct. 2800, 41 l.Ed.2d 495, 502 (1974)

> [t]he management by a few guards of large numbers of prisoner, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. Johnson v. Glick, 481 F.2d 1028, 1033 cert denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

Whenever prison officials are accused of excessive force, the core inquiry is set forth in

Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986): whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S.. ___, 112 S.Ct. 995, 117 L.Ed.2d 156, 165-166 (1992). Liability requires a showing by the plaintiff that there was no plausible basis for the official belief in the necessity for using the degree of force employed. Whitley v. Albers, 475 U.S. at 323, 89 L.Ed. 2d at 263. The Eighth Amendment's prohibition against cruel and unusual punishment is triggered when an inmate is subjected to "unnecessary and wanton infliction of pain". Bennett v. Parker, 898 F.2d 1530, 1532 (11th Cir. 1990). An evaluation of the conduct of prison officials' conduct, the court must keep in mind the paramount concerns of maintaining order and discipline in an often dangerous and unruly environment. Ort v. White, 813 F.2d 318 (11th Cir. 1987). The management of inmates may "require or justify the occasional use of a degree of intentional force," and decisions made to restore order are entitled to deference. Bennett v. Parker, 898 F. 2d 1530 (11th Cir. 1990), citing Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973).

  Several factors identified in Whitley control a court's decision on whether a prison guard has used excessive force: (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of the injury inflicted upon the prisoner. Whitely, 465 U.S. at 321, 106 S.Ct. at 1085. The attached affidavit of Officer McClain specifically denies using any excessive force. The Defendant would contend that even taking the facts in the light most favorable to the Plaintiff, any "touching" was incidental and does not rise to the level of Eighth Amendment violation. Such action was used was justified under the circumstances and did not rise to the level of a constitutional violation.

  In Walker v. Thames, 2001 WL 394911 (S.D.Ala. 2001) the Court granted the prison officials

summary judgment. They noted the circuit decisions involving de minimis injury. The Court noted these decisions:

> A bruised shoulder from being shoved into a wall, <u>Markiewicz v. Washington</u>, 175 F.3d 1020, 1999 WL 196596 (7th Cir.1999); a sore, bruised ear lasting three days, <u>Siglar v. Hightower</u>, 112 F.3d 191 (5th Cir.1997); transitory back and shoulder aches of limited duration, <u>Williams v. Dehay</u>, 81 F.3d 153, 1996 WL 128422 (4th Cir.1996); a 1.5 inch scratch on the back of the hand from handcuffs, <u>Schoka v. Swinney</u>, 53 F.3d 340, 1995 WL 251126 (9th Cir.1995); a welt from a slap on the face, <u>Riley v. Dotson</u>, 115 F.3d 1159 (4th Cir.1997); daily headaches (without treatment) from being hit with a water bucket, <u>Lunsford v. Bennett</u>, 17 F.3d 1574 (7th Cir.1994); a sore and swollen thumb from being hit with keys, <u>Norman v. Taylor</u>, 25 F.3d 1259 (4th Cir.1994).

Likewise, in this case, since there are no injuries, the Defendants contend the plaintiff can not establish the objective and subjective components of an Eighth Amendment violation.(see also <u>Nolin v. Isbell</u>, 207 F3d 1253 (11th Cir. 2000) holding the application of *de minimis* force, without more, will not support a claim for excessive force.) (<u>Siglar v. Hightower</u> 112 F. 3d 191 (5th Cir. 1997) holding that bruised ear that lasted for three days, was de minimis, and did not raise a valid Eighth Amendment claim.)

As there was no injury, the Defendants contend the plaintiff can not establish the objective and subjective components of an Eighth Amendment violation. (See <u>Brown v. Croce,</u> 967 F.Supp. 101( S.D.N.Y. 1997), holding that an officer who twice slapped an inmate in the face, which resulted in no physical harm, constitutes a de minimis use of force not actionable under the Eighth Amendment)

With respect to the plaintiff's claims that Officer McClain verbally abused him, used profanity or threatened him, the Defendant states these are insufficient to constitute a constitutional violation. It is well established that verbal harassment or abuse does not state a constitutional violation. <u>Collins v. Cundy</u>, 603 F.2d 825 (10th Cir. 1979) Words, threats and harassment are simply not actionable as

4

violations of the Constitution. <u>Jones v. Superintendent</u>, 370 F. Supp 488, 491 (W.D.Va. 1974), citing <u>Johnson v. Glick</u>, 481 F.2d 1028 (2d Cir. 1973), cert. denied, 414 U.S. 1033 (1973). See also <u>Stacey v. Ford,</u> 554 F. Supp. 8 (N.D.Ga. 1983).

As there are no issues of material fact and for the reasons herein stated, the Defendant requests that a motion for summary judgment be granted.

Respectfully submitted,

 /s/KIM T. THOMAS
KIM T. THOMAS
GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
Post Office Box 301501
301 South Ripley Street
Montgomery, Alabama 36130
(334) 353-3885

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon:

Garry Daniels, AIS 130075
Ventress Correctional Facility
Post Office Box 767
Clayton, Alabama 36016

by placing same in the United States Mail, first class postage prepaid, and properly addressed this the 22nd day of March 2006.

 /s/KIM          T.          THOMAS

KIM T. THOMAS
ASSISTANT GENERAL COUNSEL